Louis Kraemer and Fern E. Kraemer, His Wife, Appellants, v. J. D. Shelley and Ethel Lee Shelley, His Wife, and Josephine Fitzgerald, Respondents.—No. 39997.—214 S. W. (2d) 525.

Court en Banc, November 8, 1948.

*G. L. Seegers* for appellants.

*George L. Vaughn* for respondents.

[525] TIPTON, J.—This is the second submission of this cause in this court. Our first opinion, reported in 355 Mo. 814, 198 S. W. 2d 679, held that agreements restricting property from being transferred to or occupied by negroes do not contravene guarantees of civil rights of our federal constitution, and that the enforcement of such a restriction by a court of this state does not amount to an action by the state itself in violation of the Fourteenth Amendment which relates to a state action exclusively. The trial court dismissed the petition for the reason that the restrictive agreement was invalid because it was not signed by all of the property owners within the district to be covered by the restriction and we reversed that judgment.

Thereafter, relator sued out a writ of certiorari in the Supreme Court of the United States where, on oral argument and submission, in an opinion by that court, our judgment was reversed. In reaching its decision, that court held "that the restrictive agreements standing alone cannot be regarded as a violation of any rights guaranteed to petitioners [526] by the Fourteenth Amendment. So long as the purposes of those agreements are effectuated by voluntary adherence to their terms, it would appear clear that there has been no action by the State and the provisions of the Amendment have not been violated." But "in granting judicial enforcement of restrictive agreements in these cases, the States have denied petitioners the equal protection of the laws and that, therefore, the action of the state courts

cannot stand.'' By the mandate of that court our judgment was reversed and this cause was remanded to this court for proceedings not inconsistent with its opinion.

The effect of this reversal is that the judgment of the circuit court should be affirmed, even if the reasons assigned by the trial court be erroneous. Our previous cases holding to the contrary are hereby overruled.

The judgment of dismissal of the trial court is hereby affirmed. All concur.